UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Chelsea Schmalenberg,<br>12763 Tradd St.<br>Carmel, IN 46032<br><br>Plaintiff,<br><br>v.<br><br>Dysphagia Management Systems, LLC and<br>Carol Winchester,<br>5681 Bentgrass Dr.  #104<br>Sarasota, FL 34235<br><br>Defendants. | Case No. 1:18-CV-99<br><br>Judge<br><br>**PLAINTIFF'S COMPLAINT**<br>**WITH JURY DEMAND** |

Plaintiff Chelsea Schmalenberg, brings this action against Dysphagia Management Systems, LLC and Carol Winchester for their violations of the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards (Ohio Revised Code §4111.01 et seq.) ("OWS"), and Ohio Rev. Code §4113.15.

**Background**

1. Plaintiff worked as a traveling speech pathologist performing endoscopies at various locations in her area.  Plaintiff now seeks to recover unpaid minimum and overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") and the OWS.

**Jurisdiction and Venue**

2. Venue is proper in this district because, during the time-period entailed by her claims, Defendants employed Plaintiff within the Federal District of Southern Ohio.

3. This district has personal jurisdiction over this matter because Defendants engaged in tortious acts or omissions within this district, and have otherwise made or established contacts within this district sufficient to permit the exercise of personal jurisdiction.

1

4.     The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### Parties

5.     Plaintiff was employed with Defendants from approximately March 3, 2016 to October 28, 2016. Plaintiff worked as a traveling speech language pathologist.

6.     Defendant DMS is an LLC organized in the state of Florida which maintains business operations in multiple states, including, at all times relevant to the Complaint, Ohio.

7.     Defendant Carol Winchester owns, manages, and operates the Defendant entity.

8.     At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and Ohio Rev. Code §4111.03(D)(3), and Defendants were a "person" and "employer" within the meaning of 29 U.S.C. § 203 and Ohio Rev. Code § 4111.03(D)(2), and an "individual" and "corporation" under Ohio Rev. Code §4113.15(A).

### Facts

9.     Plaintiff worked as a traveling speech pathologist for the Defendants.

10.    Plaintiff was paid hourly at the rate of $40/hour for straight-time work (under 40 hours in a week).

11.    After accepting Defendants' offer of employment, Plaintiff was sent through mandatory training in Florida, totaling 80 hours.

12.    Plaintiff was not paid for this training time, nor was Plaintiff compensated for travel time to or from the training.

13.    When Plaintiff started work in Ohio, she was given assignments to travel to various locations in her geographic area to perform endoscopies on patients.

14. She would also draft summaries and reports based upon the endoscopies and submit them to the Defendant company so that they can be evaluated, processed, and provided to the client for whom the endoscopy was performed (the clients are typically medical service providers who needed the endoscopy to be performed on the patient, the patient was typically not the client themselves.)

15. Plaintiff was also required to have regular phone conversations and conference calls with the owner Carol Winchester as well as the other pathologists and managers.

16. A typical day for Plaintiff would involve her leaving her house in the morning to attend the first endoscopy at a remote location, and she would then travel to each subsequent scheduled endoscopy before traveling home at the end of the day.

17. At all times while she is traveling she would be expected to be available and participate in conference calls with Defendants. Plaintiff also made and received calls to and from clients and the employer while driving.

18. Additionally, after returning home at the end of the day, Plaintiff would spend anywhere between 10-20 minutes completing administrative tasks in connection with her job, such as submitting any reports that had not yet been submitted, submitting her time spent on the day, and responding to emails and other phone calls.

19. Plaintiff's understanding from the Defendants is that the time spent performing this administrative work at the end of the day could not be included in the weekly hours of work reported to the employer. Because of this, Plaintiff did not report the time spend performing administrative tasks within her total hours of worked each week.

20. The Defendants had a practice of automatically deducting one hour of reported work time from each day's total prior to issuing payment to Plaintiff.

21. Not including the time that was deducted by Defendants each week, and not including time spent performing administrative tasks at the end of each day, Plaintiff typically worked between 30 and 40 hours each week while located in Ohio.

22. Plaintiff was never paid at the overtime rate ($60/hour) for work performed beyond 40 hours in a workweek.

### Enterprise Status

23. During all relevant times, Defendant company constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

24. During the relevant times, the Defendant company collectively engaged in well over $500,000 in annual revenue.

25. During the relevant times, Defendant company transacted business and performed services across state lines.

### COUNT I – FAIR LABOR STANDARDS ACT

26. Plaintiff incorporates all prior allegations as if fully stated herein.

27. Defendants employed Plaintiff.

28. Plaintiff was not an exempt employee as defined by the FLSA and relevant regulations.

29. Defendants did not pay Plaintiff for all time worked, including time spent training.

30. Defendants never paid Plaintiff one-and-a-half times her regular hourly rate for hours worked in excess of 40 in a workweek.

31. Defendants' violations of the FLSA were willful.

### COUNT II – VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS AND SEMI-MONTHLY PAYMENT OF WAGES

32. Plaintiff incorporates all prior allegations as if fully stated herein.

33. Defendants employed Plaintiff.

34. Defendants did not pay Plaintiff for all time worked, including time spent training at the beginning of her employment.

35. Defendants never paid Plaintiff one-and-a-half times her regular hourly rate for hours worked in excess of forty in a workweek.

36. Defendants' violations were knowing and willful.

WHEREFORE, Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Declaring that Defendants' conduct violated the FLSA and Ohio law;

b. Awarding Plaintiff all damages incurred as a result of the breach to make her whole;

c. Entering judgment in the amount of all unpaid wages, straight-time and overtime due and owing to the Plaintiff as well as all applicable liquidated damages;

d. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

### JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully Submitted,

*/s/ Cori R. Besse*
Cori R. Besse (0081447)
Adam V. Sadlowski (0079582)
cbesse@sb-lawyers.com
asadlowski@sb-lawyers.com
SADLOWSKI & BESSE LLC
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Telephone: 513.618.6596
Fax: 513.618.6442
*Attorneys for Plaintiff*