# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CHELSEA SCHMALENBERG, | : | Case No. 1:18-CV-99 |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DYSPHAGIA MANAGEMENT | : | |
| SYSTEMS, LLC, *et al.*, | : | |
|     Defendant. | : | |

## ORDER DENYING THE PARTIES' JOINT MOTION TO FILE UNDER SEAL (Doc. 13)

This civil case is before the Court on the parties' joint motion to file under seal (Doc. 13).

## I. INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") case. Plaintiff filed this lawsuit alleging that Defendants violated the FLSA by failing to pay her one and a half times her regular hourly rate for hours worked in excess of 40 hours in a workweek.

The parties have reached an agreement to resolve their claims. Since this matter involves wage and hour claims under the FLSA, the parties are required to seek Court approval of their settlement. The parties have requested to file their proposed settlement agreement under seal for the Court's review. (Doc. 13). The parties state "one of the conditions" of their settlement "is that the terms of their Settlement remain confidential." (*Id.* at 1).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Three times in the past few years the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere*

*Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

Relevant to the instant matter, Courts in this district have regularly refused to seal FLSA settlement agreements. *See Stanley v. Turner Oil & Gas Props., Inc.* No. 2:16-cv-386, 2017 WL 5068444, at * 1 (S.D. Ohio July 24, 2017) ("The public has a keep interest

3

in the outcome of FLSA litigation, and as such, sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents.") (internal quotations omitted); *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at * 1 (S.D. Ohio Aug. 24, 2016) ("Although the Sixth Circuit has not yet weighed in on the issue, the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases."). As a general rule, FLSA settlement agreements should not be sealed absent an "extraordinary reason." *Zego*, 2016 WL 4449648, at * 1.

### III. ANALYSIS

The parties' joint motion to file under seal falls well short of the standards provided by the Sixth Circuit. The motion does not "analyze in detail," any document the parties seek to seal, does not provide legal citations supporting the requested seal, and does not show that the requested seal is "narrowly tailored." The parties only state that they agreed the terms of their settlement would be confidential, but a FLSA settlement agreement's confidentiality clause "does not overcome the presumption of public access to judicial documents." *See Fairfax v. Hogan Transp. Equip. Inc.*, Case No. 2:16-cv-680, 2019 U.S. Dist. LEXIS 18852, at * 5 (S.D. Ohio Feb. 6, 2019); *see also Snook v. Valley OB-GYN Clinic, P.C.,* No. 14-cv-12302, 2014 WL 7369904, at * 3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have roundly rejected the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access.") (internal quotation marks omitted).

4

The parties have simply not demonstrated an "extraordinary" reason for the requested seal, nor have they submitted any information from which the Court could set forth specific findings and conclusions justifying non-disclosure to the public.

## IV. CONCLUSION

For these reasons, the parties' joint motion to seal (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

Date: 2/28/19

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge