THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHELSEA SCHMALENBERG, | Case No.: 1:18-CV-99 |
| *Plaintiff*, | JUDGE TIMOTHY S. BLACK |
| vs. | |
| DYSPHAGIA MANAGEMENT SYSTEMS, LLC, *et al.*, | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| *Defendants*. | |

Now come Plaintiff Chelsea Schmalenberg ("Plaintiff") and Defendants Dysphagia Management Systems, LLC ("DMS") and Carol Winchester ("Winchester") (collectively referred to as the "Defendants") (Plaintiff and Defendants will collectively be referred to as the "Parties"), by and through counsel, and respectfully move this Court for an Order approving the settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement"), filed herewith as Exhibit 1.  The Settlement seeks to resolve the claims Plaintiff asserted against Defendants, including claims under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

The Parties respectfully submit that the Settlement between Plaintiff and Defendants is fair and reasonable and satisfies the criteria for approval under FLSA §216(b).  The parties achieved the settlement during arm's length negotiations, conducted by experienced counsel.  If approved by the Court, the Settlement will make a substantial settlement payment to Plaintiff.

The Parties submit the following settlement documents for the Court's approval: Exhibit 1, the Settlement Agreement and Release; and Exhibit 2, the Stipulated Order and Final Judgement.

The following sections explain the nature of the action, the negotiations, the Settlement's principal terms, and the proprietary of approving the Settlement.

### I. THE ACTION

On February 12, 2018, Plaintiff initiated this action against Defendants under Section 16(b) of the FLSA, 29 U.S.C. §216(b), and Section 1333 of Title 28, as well as the Court's supplemental jurisdiction under 28 U.S.C. Section 1367. (Dkt. #1). Plaintiff claims that Defendants violated the FLSA and OMFWSA by failing to compensate her at a rate of time and one-half of her regular rate of pay for all hours in excess of 40 hours per work week. Defendants deny these allegations and DMS has asserted a counterclaim against Plaintiff. (Dkt. #4).

### II. THE NEGOTIATIONS

The Parties, through their respective experienced attorneys, engaged in arm's length negotiations and ultimately resolved the matter. Specifically, between February 12, 2018, when Plaintiff filed this action, and August 21, 2018, the Parties exchanged multiple settlement offers and counter-offers, which culminated in the Parties reaching an agreement to resolve their differences and for the full resolution of the pending action.

### III. THE SETTLEMENT TERMS

If approved by the Court, the Settlement will forever resolve all issues between Plaintiff and Defendants. The Settlement includes payments to or on behalf of Plaintiff in the total amount of $7,500, which will be distributed as follows:

- Plaintiff – a total amount of $6,500 dispersed as follows:

- - A check for $3,250, minus all applicable withholdings, in accordance with Plaintiff's previously elected wage withholding instructions, made payable to "Chelsea Schmalenberg" for allegations of lost wages.

  - A check for $3,250 made payable to "Chelsea Schmalenberg."

- Attorneys' fees and costs – a total amount of $1,000 dispersed as follows:

  - A check for $1,000 made payable to "O'Connor O'Connor P.C." for attorneys' fees and costs.

- All parties to waive and release all claims against all other parties up to the execution of the Agreement.

DMS will make the total payment of $7,500 within 14 days of the Court's entry of an order approving the Settlement or Plaintiff's execution of the Settlement Agreement, whichever occurs later.

### IV. THE PROPRIETY OF APPROVAL

Pursuant to §216(b) of the FLSA, the Settlement is subject to Court approval and, as described below, the Court should approve the Settlement.

#### A. The Settlement is a Fair Resolution of a Bona Fide Dispute.

Courts reviewing an FLSA action may approve a proposed settlement under §216(b) after "scrutinizing the settlement for fairness." *Coonan v. Deflecto*, N.D. Ohio No. 5:16-cv-549, 2017 U.S. Dist. LEXIS 19166, *1 (Feb. 10, 2017) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L. Ed. 1114 (1946))).

The payment to Plaintiff is fair, reasonable, and adequate given that a bona fide dispute exists between the parties, namely whether Plaintiff is entitled to her claimed overtime compensation. *See Schaffer v. LCPZ Canton, Inc.,* N.D. Ohio No. 5:14-cv-2304, 2015 U.S. Dist. LEXIS 5675, *4 (Jan. 16, 2015) (finding that the parties were engaged in a bona fide dispute

because of the "parties' divergent views of the facts"). Furthermore, a wide possible range of recovery exists. Plaintiff contends she is entitled to unpaid wages and damages in excess of $8,500, plus liquidated damages in an equal amount. Defendants assert that Plaintiff's claims lack merit, that DMS properly compensated Plaintiff for all time worked, and it has asserted a counterclaim seeking damages in excess of $9,250. In addition, the Settlement results in Plaintiff receiving an amount of money, less payments of attorneys' fees and costs, within the range of claimed unpaid wages. The Parties recognized and took into consideration the risks and costs associated with protracted litigation in reaching this resolution. As such, the Settlement is fair, reasonable, and adequate.

The payment of attorneys' fees and costs also is fair, reasonable, and adequate. The fees and costs represent approximately 13.33% of the total settlement. When evaluating attorneys' fee requests, the Court considers the following to determine whether fee requests are reasonable:

> (1) the value of the benefit to the class; (2) the value of the services on an hourly basis; (3) whether attorneys took the case on contingency; (4) rewarding attorneys who produce societal benefits in order to maintain an incentive for others; (5) the litigation's complexity; and (6) the professional skill and standing of class and defense counsel.

*Chapman v. Tristar Prods.*, N.D. Ohio No. 16-cv-1114, 2018 U.S. Dist, LEXIS 133555, *10 (Aug. 2, 2018). *See also Rotuna v. West Customer Mgmt. Group, LLC*, N.D. Ohio No., 4:09-cv-1608, 2010 U.S. Dist. LEXIS 58912, *20-21 (June 15, 2010). When considering these factors, especially the total settlement amount and the matter's complex nature, in addition to awards in similar cases, the attorneys' fees are reasonable. *See Rotuna*, 2010 U.S. Dist. LEXIS 133555 at *23 ("The amount of the contingency, one-third of the total award, is also reasonable and has been approved in similar FLSA collective actions in this judicial district.") *citing Dillworth v. Case Farms Processing, Inc.*, N.D. Ohio No. 5:08-cv-1694, 2009 U.S. Dist. LEXIS 76947 (Aug.

27, 2009), *Jackson v. Papa John's United States, Inc.*, N.D. Ohio No. 1:08-cv-2791 (Feb. 13, 2009), *Fincham v. Nestle Prepared Foods Co.*, N.D. Ohio No. 1:08-cv-73 (2008); *McGhee v. Allied Waste Indus.*, N.D. Ohio No. 1:07-cv-1110 (2007); *see also Kritzer v. Safelite Solutions, LLC*, N.D. Ohio No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994 (May 30, 2012) (approving an award of attorneys' fees and costs of nearly 52% of "the total recovery from Defendants").

**V.     CONCLUSION**

Based upon all of the foregoing reasons, the Parties respectfully request that this Court approve the Settlement, and their fair and reasonable compromise of a bona fide dispute, for good cause shown, by entering the proposed Stipulated Order and Final Judgement attached as Exhibit 2.

                                                            Respectfully submitted,

/s/ *Cori R. Besse*                              /s/ *Joel R. Hlavaty*
Cori R. Besse (0081447)                     Joel R. Hlavaty (0027005)
SADLOWSKI & BESSE, LLC           FRANTZ WARD LLP
11427 Reed Hartman Highway          200 Public Square
Suite 217                                              Suite 3000
Blue Ash, Ohio 45241                         Cleveland, Ohio 44114
(513) 618-6596                                    (216) 515-1660
(513) 618-6442 (facsimile)                 (216) 515-1650 (facsimile)
CBesse@sb-lawyers.com                   *jhlavaty@frantzward.com*

*Attorney for Plaintiff*                        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on March 13, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Joel R. Hlavaty*
*Attorney for Defendants*